HAMILTON BROOK SMITH REYNOLDS
Intellectual Property Law

Hamilton, Brook, Smith & Reynolds, P.C.
530 Virginia Road P.O. Box 9133
Concord, MA 01742-9133

T 978.341.0036
F 978.341.0136
www.hbsr.com

Brian T. Moriarty
Brian.Moriarty@hbsr.com
978.341.0036 x3460

June 10, 2009

***VIA ECF***

The Honorable Roanne L. Mann
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Nycomed US Inc. v. Glenmark Generics LTD., et al.*
Civil Action No. 2:08-cv-05023-CBA-RLM
Opposition to Motion to Compel Responses to Requests for Admission

Dear Magistrate Judge Mann:

Glenmark Generics Ltd. and Glenmark Generics Inc., USA ("Glenmark") submits this letter in response to plaintiff Nycomed US, Inc.'s ("Nycomed") motion regarding requests for admission ("RFA"). Preliminarily, Glenmark also wishes to generally address Nycomed's improper motives for filing four motions in a one-week time span.

Nycomed's Transparently Improper Motives

In February of this year, both parties appeared before Your Honor to discuss each party's proposed schedule. Glenmark sought a shorter schedule and Nycomed sought a lengthy schedule. The Court opted for a middle ground. Since that day, Nycomed has engaged in a campaign to create discovery disputes. Nycomed quickly began serving excessive discovery demands. To date, Nycomed has propounded 263 document requests and 79 RFAs, along with 25 interrogatories. Nycomed has also inundated Glenmark with letters demanding compliance with its excessive discovery requests.

For example, Nycomed has served numerous requests directed to the ingredients in Glenmark's proposed ANDA product and claimed that it needed to propound these numerous requests because "Glenmark has characterized its product differently four times" (*See* Nycomed's motion to compel document production at p. 3). This is a blatantly false claim. Nycomed specifically pleaded in its Complaint the ingredients of Glenmark's proposed ANDA product (¶ 63), and Glenmark specifically admitted that Nycomed's listing of the ingredients of Glenmark's proposed ANDA product was correct in its Answer (DI 21). Thus, as early as January 2009, Glenmark conclusively admitted the formulation of its proposed ANDA product. Furthermore, Glenmark has made several attempts to clarify Nycomed's alleged confusion. (*See, e.g.*, May 7 Letter, Exhibit A). Nycomed's efforts to convince the Court otherwise is simply evidence of its bad faith efforts to create a discovery dispute where none exists.

Nycomed now complains that 50 of Glenmark's 56 responses to Nycomed's first set of RFAs are legally wrong, and that over 120 document request responses and 11 interrogatory responses are likewise inadequate. Last week, Nycomed filed a motion to extend the discovery schedule. It is not an accident that these four motions (and apparently more to come) have arrived at the Court's doorstep at the end of the Court's deadline for the completion of document production. Nycomed engaged in a series of "meet and confer" conferences with Glenmark on these discovery issues as long as 6-8 weeks ago, but it did not bother filing its motions until now. This onslaught of motions is designed to give the Court the false impression that the schedule in the case must be modified. Each of Nycomed's motions should, accordingly, be denied because of its transparently improper motives and misuse of the discovery and judicial process.

<u>RFAs</u>

Contrary to Nycomed's claims, an RFA is not a discovery device. *See Fox v. Poole*, 2007 U.S. Dist. LEXIS 64779, at *26-27 (W.D.N.Y. Aug. 31, 2007) ("[a]lthough placed in the chapter of Depositions and Discovery in the Federal Rules of Civil Procedure, Requests for Admissions under Rule 36 are not a discovery procedure at all . . ."). The purpose of Rule 36 is to define and limit the matters in controversy between the parties in order to expedite the action by having the parties concede facts or points otherwise in contention. *Id.* An admission, unless it is withdrawn, concludes the matter and avoids any need for proof at trial. Fed. R. Civ. P. 36(b); *see also* Wright, Miller & Marcus, 8A Fed. Prac. & Proc. Civ.2d § 2253 (2009). Thus, because of the binding and conclusive nature of an admission, "each request should be phrased so that it can be admitted or denied without explanation." *Id.* Also, contrary to Nycomed's position, an ambiguous RFA is objectionable. *See* 7 Moore's Federal Practice § 36.10[6] (3d ed. 2009) ("[t]he requesting party bears the burden of drafting the requests clearly and specifically so that the responding party can easily agree or disagree.").

Here, Nycomed complains that the vast majority of Glenmark's responses are defective. However, in each of these responses, Glenmark has actually answered the RFA by denying the request. Thus, Nycomed has its answer and there is simply nothing for the Court to compel. *See* 7 Moore Federal Practice § 36.12[3] ("[a] motion to determine the sufficiency of a response to a [RFA] is not to be used as an attempt to litigate the accuracy of a response. Rule 36 does not authorize a court to make a determination on the accuracy of the responses before trial"). Under Rule 37, if the response to an RFA turns out to be false, Nycomed can make a petition at the end of the case and seek fees. Rule 37 provides no other remedy. Thus, Glenmark has properly admitted or denied each of the requests and Nycomed's motion to compel should be denied for this reason alone.

Moreover, Glenmark's denials are in good faith. For example, Nycomed complains that Glenmark refuses to admit that its product meets the elements of the patent claim when Nycomed asks Glenmark to admit that it has [redacted] or to admit that its product has [redacted] *See* RFAs 24, 26, 27, 29-53 and 55. Glenmark objected to these RFAs because, first, they ask Glenmark to assume a claim construction when the parties sharply disagree on claim meaning and before the Court has properly construed the claims. Glenmark cannot be conclusively bound before claim meaning is determined. Second, Glenmark denied the RFAs because they are not true. For example, Glenmark's product does not have a range of [redacted] Glenmark's product does not have [redacted], and, thus, Nycomed's RFAs are not

true. Moreover, these RFAs are completely unnecessary because Nycomed pleaded, and Glenmark admitted, the components of its proposed ANDA product. Thus, Nycomed's complaints that Glenmark is somehow denying it discovery by denying these RFAs are not credible.

Nycomed next improperly complains about Glenmark's objections to RFAs 1-7 as vague and ambiguous. Nycomed has not cited any case law to support its claim, and it cannot do so. Due to the conclusive nature of an admission, a request must be "simple and direct, not vague or ambiguous." *Wiwa v. Royal Dutch Petroleum Co.*, 2009 U.S. Dist. LEXIS 45621, at *16 (S.D.N.Y. May 21, 2009) (Wood, J.); *see also* 7 Moore's Federal Practice § 36.10[6] ("Parties are not required to admit or deny requests that consist of statements that are vague or ambiguous."). Thus, Glenmark's objections to undefined terms, such as "same therapeutic properties" (RFA 1), "same look and feel" (RFA 2), and "bioequivalent" (RFA 3) are proper because Nycomed failed to propound simple and unambiguous RFAs.

Nycomed complains that Glenmark should not deny certain RFAs when it has objected that it lacks sufficient information about the RFAs. For example, RFA 9 asks Glenmark to admit that a "doctor" who (at some unspecified point in the future after the FDA approves Glenmark's product) uses Glenmark's product would have certain expectations. This is not an RFA that Glenmark or anyone could know to be true or false. *See also* RFAs 8, 12-13. In objecting to these and similar RFAs, Glenmark needed to ensure that Nycomed could not misconstrue its objections, and, therefore, Glenmark denied the requests "to the extent a further reply is required" because it had no basis whatsoever to believe that these RFAs present true statements.

Likewise, RFA 14 asks Glenmark to admit that it [redacted] *See also* RFAs 17 and 19. Glenmark properly responded to this on several grounds. First, Glenmark also does not presently know of every communication with the FDA so it cannot conclusively and bindingly admit that "it has never" done something it is not fully sure about. Second, the phrase "functions as" is ambiguous because it could be construed to limit the ingredient to only one function (when most ingredients have multiple functions), or it could instead mean one function among many. *See also* RFAs 15, 17-22. Finally, to the extent a further reply was required, Glenmark denied the RFAs.

Nycomed argues that Glenmark's supposedly improper responses and answers to the RFAs have "unfairly prejudiced Nycomed" and prevented Nycomed from ascertaining Glenmark's positions. This argument too is not credible. RFAs are not discovery tools. Moreover, Glenmark has provided Nycomed with a highly-detailed, 48-page explanation of its positions in the form of a response to Nycomed's contention interrogatories. (Exhibit B). Therefore, Nycomed's motion to compel should be denied.

Very truly yours,

/s/ Brian T. Moriarty

Brian T. Moriarty

cc: Donald L. Rhoads, Esq. (*via ECF*)
Bradley D. Simon, Esq. (*via ECF*)

897220_1

# EXHIBIT A

## FILED UNDER SEAL

# EXHIBIT B

## FILED UNDER SEAL