UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NYCOMED US INC.,

                              Plaintiff,                    **MEMORANDUM AND ORDER**

       -against-                                        08-CV-5023 (CBA)

**GLENMARK GENERICS LTD., et al.,**

                              Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Among the various, voluminous discovery motions filed this month by plaintiff Nycomed US Inc. ("plaintiff" or "Nycomed") is Nycomed's motion to compel Glenmark Generics Ltd. and Glenmark Generies Inc., USA ("defendant" or "Glenmark") to supplement Glenmark's answers to interrogatories. For the reasons that follow, Nycomed's motion is granted in part and denied in part.

## DISCUSSION

        Nycomed contends that in responding to Interrogatories Nos. 1-4, 6, and 8-10, which sought the identification of persons, third parties and/or dates, Glenmark improperly invoked Rule 33(d) of the Federal Rules of Civil Procedure and referred Nycomed to Glenmark's business records. See Motion to Compel Interrogatories (June 5, 2009) ("Pl. Mot."), at 2.[1] Nycomed further complains that Glenmark improperly relied on Rule 33(d) to avoid disclosing

---

[1] Notably, Nycomed's motion seeks only the requested identifications and dates, and not the additional information demanded in those interrogatories. See Pl. Mot., at 2. Nycomed apparently recognizes that once it receives the names of the knowledgeable persons, it can then obtain the desired additional information through depositions of those individuals. The Court agrees that at this stage of the action, proceeding with depositions is preferable to further litigating the sufficiency of Glenmark's responses. See infra pp. 3-4.

the bases for its actions, as demanded in Interrogatories Nos. 5, 6, 7 and 11. See id. at 2-3. In opposing Nycomed's motion to compel, Glenmark points to a handful of interrogatory responses in which it did provide the requested identifications, and notes that Nycomed "likewise invoked Rule 33(d) in almost every answer to Glenmark's first 12 interrogatories." Response in Opposition re Motion to Compel Interrogatories (June 10, 2009) ("Def. Opp."), at 1-2.

To be sure, both sides, in answering each other's interrogatories, interposed boilerplate objections and responses, including knee-jerk invocations of Rule 33(d). Nycomed, however, did at least include in its responses references to the business records from which the information could be gleaned, albeit in the most general terms (e.g., "documents . . . including the '669 patent and its prosecution history . . . ."). See, e.g., Def. Opp. Ex. A, at 9. Glenmark's responses, in contrast, do not identify any documents, but instead assert that "Nycomed has requested documents from Glenmark and upon production of those documents Glenmark will specify the records from which the answer may be derived or ascertained . . . ." See, e.g., Pl. Mot. Ex. B, at 4.

Where, as here, a party invokes Rule 33(d) in answering an interrogatory, the rule requires that the answering party "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d)(1); see Local Civ. R. 33.1; Sadofsky v. Fiesta Prods., LLC, 252 F.R.D. 143, 147 (E.D.N.Y. 2008) (rejecting plaintiff's challenge to defendant's interrogatory responses, where defendant "responded to each interrogatory by

providing a range of continuous documents, identified by Bates numbers."). Glenmark's responses are not in compliance with Rule 33(d)(1) or with Local Civil Rule 33.1.[2] Therefore, for those interrogatory responses that do not include the requested identification information,[3] Glenmark must supplement its responses to specify, by Bates numbers, the business records from which the answers may be ascertained.[4]

Nycomed additionally complains that in responding to Interrogatories Nos. 5, 6, 7 and 11, Glenmark improperly relied on Rule 33(d) to avoid disclosing the bases for its actions relating to a claim or defense. See Pl. Mot., at 2-3. This challenge elevates form over substance. Nycomed's assertion that it is left to "guess at" the bases for Glenmark's actions is belied by Glenmark's highly detailed, 48-page response to Nycomed's contention interrogatories. See generally Def. Opp. Ex. B. Moreover, the Court has the discretion to "order that the interrogatory need not be answered until designated discovery is complete," see Fed. R. Civ. P. 33(a)(2), and to limit discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" See Fed. R. Civ. P.

---

[2] The adequacy of Nycomed's responses to Glenmark's interrogatories is not an issue before this Court. However, in the future, counsel would be well advised to consider their own conduct in litigating this case before challenging similar conduct by opposing counsel.

[3] Glenmark has, in its interrogatory responses and/or supplements thereto, sufficiently responded to Nycomed's requests for identification information in Interrogatories Nos. 1, 2, 3, 8, and 9.

[4] In its letter opposing Nycomed's motion to compel, Glenmark states that the individuals most knowledgeable about the specific batch records referenced in Interrogatory No. 4 "are those listed in Glenmark's lab notebooks that have been produced to Nycomed." Def. Opp., at 2. Glenmark's response to Interrogatory No. 4 does not, however, make any mention of the lab notebooks.

26(b)(2)(C)(i). Nycomed undoubtedly will be taking depositions of individuals with knowledge of the subject matter of the disputed interrogatories. The interrogatories essentially seek previews of deposition testimony. The parties' time and efforts would be better spent completing those depositions rather than litigating the sufficiency of interrogatory responses at this stage of the lawsuit. Nycomed's motion to compel additional responses to Interrogatories No. 5, 6, 7 and 11 is therefore denied without prejudice, except that Glenmark shall supplement its responses to comply with the mandate of Rule 33(d)(1) that the referenced records be specified.

## CONCLUSION

For the reasons discussed above, and to the extent outlined above, Glenmark shall, by July 8, 2009, supplement its interrogatory responses to specify the referenced records, in accordance with Rule 33(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 33.1. Nycomed's motion to compel is otherwise denied.

**SO ORDERED.**

**Dated:** Brooklyn, New York
June 25, 2009

ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE