**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------x**
**NYCOMED US INC.,**

**Plaintiff,**

**-against-**

**GLENMARK GENERICS LTD., et al.,**

**Defendants.**
**---------------------------------------------------------x**

**MEMORANDUM AND ORDER**

**08-CV-5023 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Nycomed US Inc. ("plaintiff" or "Nycomed") has moved to compel defendants Glenmark Generics Ltd. and Glenmark Inc., USA ("defendant" or "Glenmark") to properly respond to Nycomed's Requests for Admission ("RFAs"). Nycomed claims that Glenmark's responses to its RFAs violate the Federal Rules of Civil Procedure and unfairly prejudice Nycomed. See Motion to Compel -- Requests for Admission (June 5, 2009) ("6/5/09 RFA Motion"), Docket Entry ("D.E.") #79 at 1-2. Defendant opposes the motion, alleging that the defense has properly admitted or denied each of Nycomed's requests. See Response in Opposition re Motion to Compel -- Requests for Admission (June 10, 2009) ("6/10/09 RFA Opp."), D.E. #84, at 2. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

## DISCUSSION

### I. Applicable Legal Principles

Requests for admissions are intended to narrow the issues before trial, as well as facilitate proof for the issues that cannot be eliminated. See Wiwa v. Royal Dutch Petroleum

Co., Nos. 96 Civ. 8386 (KMW)(HBP), 01 Civ. 1909 (KMW)(HBP), 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009) (quoting Fed. R. Civ. P. 36 advisory committee note). They are not, however, a discovery device. See id.; T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

Requests for admission should be "simple and direct, not vague or ambiguous." Wiwa, 2009 WL 1457142, at *4 (citing 7 James Wm. Moore et al., Moore's Federal Practice § 36.10[6] (3d ed. 2009)). If a request is not admitted or specifically denied, the answer should "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Alternatively, an answering party may give qualified answers made in good faith, or object to a particular request, provided the objecting party states the reasons for such objection. See id.; Myers v. Andzel, No. 06 Civ. 14420 (RWS), 2007 WL 3010329, at *1 (S.D.N.Y. Oct. 11, 2007).

The requesting party may challenge the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served." Id. "When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." Wiwa, 2009 WL 1457142, at *5 (citing Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988)). The requesting party may not use a motion challenging the sufficiency of a response to litigate its accuracy. See Wiwa, 2009 WL 1457142, at *5.

**II. Denials Not Based on Substance**

Nycomed challenges the sufficiency of a series of Glenmark's responses to RFAs in which Glenmark first objects to the request as "vague, ambiguous, and indefinite" and then denies the request. See 6/5/09 RFA Motion at 2. Glenmark counters that there is nothing for the Court to compel, since it has answered those RFAs with denials and the Court may determine the sufficiency of a response, but not its accuracy. See 6/10/09 RFA Opp. at 2. While a denial without any further explanation is a sufficient response to an RFA, see Myers, 2007 WL 3010329, at *1, such denial must be based on "the substance of the matter." Fed. R. Civ. P. 36(a)(4).

In several answers, Glenmark lists its objections and then states: "[T]herefore, Glenmark denies" the request. See Glenmark's Answers to RFAs ("RFA Answers") 3-7, attached as Ex. C to 6/5/09 RFA Motion. Similarly, in many other responses, Glenmark describes its objections and then states: "To the extent a further reply is required, Glenmark denies this request." RFA Answers 8-9, 12-14, 17, 19-22, 52-53, 55. It thus appears from the language of these responses that Glenmark's denials are predicated on its objections; in other words, the denial does not meet the substance of the request. For example, one RFA states: "A patient using Glenmark's proposed product can expect to get the same therapeutic effect as with Cutivate® Fluticasone Lotion 0.05%." RFA 8. Glenmark answered: "After reasonable inquiry Glenmark states that it lack[s] sufficient information regarding the expectations of patients to answer this Request. To the extent a further reply is required, Glenmark denies this request." RFA Answer 8. If in fact Glenmark lacked sufficient information to provide a

substantive response to a particular request, then it follows that its denial could not be based on the "substance of the matter," as required by Rule 36. See Thalheim, 124 F.R.D. at 37 (ruling that party may not deny RFA *and* claim lack of knowledge).

Accordingly, the Court strikes Glenmark's denials in response to RFAs 8-9, 12-14, 17, 19-22, 52-53, 55, which denials are apparently based on objections and/or lack of sufficient information. See generally T. Rowe Price, 174 F.R.D. at 46. The succeeding sections of this opinion address the propriety of Glenmark's objections and claimed lack of information.

**III. Vagueness Objections**

Although Glenmark's denials as to form are thus inappropriate responses, Glenmark has also interposed objections to the denied requests, which, if justified, would relieve Glenmark of the duty to answer. See generally Myers, 2007 WL 3010329, at *1. Having reviewed the RFAs to which objections were asserted, the Court agrees with Glenmark that Nycomed has in some instances used vague or undefined terms – including phrases such as "therapeutic properties," "look and feel," and "therapeutic equivalent." See, e.g., RFAs 1, 2, 6, 7, attached as Ex. A to 6/5/09 RFA Motion. Such phrasing creates RFAs that cannot be admitted or denied "with an absolute minimum of explanation or qualification," thereby undermining the function of the requests. See Wiwa, 2009 WL 1457142, at *4 (internal quotations and citations omitted). Consequently, the objections to RFAs 1, 2, 6 and 7 are justified, as are other RFAs that incorporate undefined terms. See RFAs 3 ("clinical study"), 5 ("bioequivalent"), 51 ("more vasoconstriction").

Contrary to Glenmark's contention, other RFAs are not so ambiguous that Glenmark

could not provide substantive answers. Glenmark objected to Nycomed's reference in RFA 4 to "the FDA Guidance entitled 'Guidance for Industry: Bioavailability and Bioequivalence Studies for Orally Administered Drug Products -- General Considerations.'" RFA 4. Glenmark's response alleged that "it is unclear to which regulation or version of any regulation Nycomed refers." RFA Answer 4. However, the RFA itself makes clear that it is referring not to a regulation but to a specific FDA publication identified by title and readily retrievable from the FDA website. Glenmark's objection to RFA 4 is overruled.[1]

Throughout its answers to the RFAs, Glenmark repeatedly challenged as ambiguous the term "functions as." See, e.g., RFA Answers 14, 15, 17-22, 24, 33, 40, 44-46, 48. In its letter to the Court, Glenmark feebly argues that "the phrase 'functions as' is ambiguous because it could be construed to limit the ingredient to only one function . . . , or it could instead mean one function among many." 6/10/09 RFA Opp. at 3. Only a party hunting for reasons not to respond would read ambiguity into that phrase. Glenmark's vagueness objection to the phrase "functions as" is overruled.[2]

---

[1] Another frivolous vagueness challenge -- inconsistently interposed as to some but not all RFAs incorporating the term -- is Glenmark's objection to the phrase "Cutivate® Fluticasone Cream 0.05." Compare RFA Answer 3 (objecting to the phrase as "vague, ambiguous and indefinite"), with RFA Answer 5 (not objecting to that phrase). Nycomed expressly defined that term in paragraph 11 of its First Set of Requests for Production of Documents and Things, see D.E. #80, Ex. A, which Nycomed expressly incorporated by reference in its RFAs. See 6/5/09 RFA Motion, Ex. A at 1.

[2] Glenmark's objection to the term "functions as" was frequently accompanied by other boilerplate objections, which are discussed hereinafter. In particular, the Court has devoted an entire section to Glenmark's objections to RFAs concerning its proposed product. See *infra* pp. 8-10.

**IV. Insufficient Information to Answer RFAs**

Nycomed also complains that Glenmark responded to many of its RFAs with the assertion that it "lacks sufficient information . . . to answer this Request." 6/5/09 RFA Motion at 2. While Glenmark may not assert a denial in response to a request for which it also claims to lack sufficient information, see *infra* pages 3-4, Glenmark may in appropriate circumstances "assert lack of knowledge or information as a reason for failing to admit or deny . . . ." See Fed. R. Civ. P. 36(a)(4). Such a response is valid under Rule 36 if and only if the answering party "states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." See id.

Despite Nycomed's suggestion that "[i]t is . . . not credible that Glenmark does not have this information," 6/5/09 RFA Motion at 2, Glenmark has stated that each determination of insufficient information was made after reasonable inquiry. See, e.g., RFA Answer 12. "[W]hat constitutes 'reasonable inquiry' in a given case is committed to the sound discretion of the motion court . . . ." Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 374 (S.D.N.Y. 1989). "Generally, a 'reasonable inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." T. Rowe Price, 174 F.R.D. at 43. As explained in the Advisory Committee Note to the 1970 amendment to Rule 36:

> Rule 36 requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in Rule 37(c).

Fed. R. Civ. P. 36 advisory committee's note (1970).

Nycomed has made several requests that Glenmark admit or deny that there is no

"scientific article, textbook or other publication" supporting Glenmark's position on various disputed issues. See RFAs 20-22. Since admitting or denying such requests would require Glenmark to extensively research third-party sources, the Court concludes that Glenmark did not violate the "sufficient inquiry" rule in stating that it lacked sufficient information to respond to such requests.[3] The Court similarly finds that Glenmark's responses to RFAs 8 and 9, which concern the expectations of doctors and patients using Glenmark's proposed product, are sufficient, since further responses turn on information not within Glenmark's control. RFAs 12 and 13 are statements about the content of Nycomed's product, Cutivate® Fluticasone Cream. Again, the Court finds that Glenmark has not violated the "sufficient inquiry" rule with regard to these two RFAs.[4]

Glenmark also claims to lack sufficient knowledge to admit or deny RFAs 52, 53, and 55, which inquire into the intended use and marketing of its proposed product. Glenmark responded to these requests by stating that "the proposed product is subject to approval by the FDA[,]" and that therefore the use or labeling is not yet determined. See RFA Answers 52, 53, 55. However, Nycomed's requests do not ask Glenmark to predict the future; rather, the

---

[3] The problem with these and other RFAs is that Nycomed appears to be using them as discovery devices rather than to streamline the issues in the case. The more appropriate way to elicit the information sought would have been to serve interrogatories asking Glenmark to identify any scientific publications that supported the specified contentions. "A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." Fox v. Poole, No. 06 CV 148, 2007 WL 2572104, at *9 (W.D.N.Y. Aug. 31, 2007) (quoting 8A Wright, Miller & Marcus, Practice and Procedure: Civil 2d § 2253, at 524-25 (West 1994)).

[4] Here it appears that Nycomed is seeking expert discovery, which has not yet been exchanged.

RFAs concern Glenmark's *intended* use and labeling of its product. This information can be obtained through a reasonable inquiry of persons and documents within Glenmark's control. Accordingly, Glenmark is directed to supplement its responses to RFAs 52, 53, and 55.

Finally, in response to RFAs relating to Glenmark's communications with the FDA, Glenmark answered that "[a]fter reasonable inquiry," it was "unsure of the content of every communication it has had with the FDA," but that it would "amend its response after sufficient discovery has been completed in this case." RFA Answers 14, 17, 19. Fact discovery is scheduled to end in ten days. Glenmark has had sufficient time to make reasonable inquiry so as to be in a position to provide substantive responses to these RFAs. Glenmark's objections to these RFAs are overruled.

**V. RFAs Concerning Contents of Glenmark's Product**

Nycomed also challenges Glenmark's responses to a series of RFAs that concern the composition or usage of Glenmark's proposed product. See RFAs 15, 24, 26, 27, 29-49, 51.[5] Glenmark initially objected to these RFAs on the ground that the phrases containing the percentages of various ingredients in its proposed product are "undefined" and because it is "premature insofar as it apparently seeks Glenmark's construction of a claim term before the date provided in the scheduling order." See RFA Answers 26, 27, 29-49, 51. However, in contrast to the objections articulated in its responses to the RFAs, Glenmark now claims in its

---

[5] Both parties purport to litigate the propriety of an objection to RFA 50. See 6/5/09 RFA Motion at 2; 6/10/09 RFA Opp. at 2. However, Glenmark did not object to that RFA but instead responded with a one-word Answer: "Denied." See RFA Answer 50. As previously noted, a denial without any further explanation is a sufficient response to an RFA. See Myers, 2007 WL 3010329, at *1.

letter to the Court that the RFAs are "completely unnecessary because Nycomed pleaded, and Glenmark admitted, the components of its proposed ANDA product." 6/10/09 RFA Opp. at 2-3. Glenmark also asserts that the facts set forth in the RFAs are not true, because they state, for example, that Glenmark's product contains "about 4.0 to 6.0 wt. %" of cetostearyl alcohol, when in fact it contains a specific amount, to wit, 3.0 wt. %. See id. at 2; RFA Answer 30; see also RFA Answers 26-27, 29, 31-32, 34-39.

Where, as here, there is some truth to the RFA's factual assertion that could be clarified through a qualification, the answering party must provide a qualified response. See Wiwa, 2009 WL 1457142, at *4 ("Qualification of a denial is appropriate if the statement in the request, although containing some truth, standing alone out of context of the whole truth conveys unwarranted unfair references.") (internal quotations, alteration and citations omitted). Therefore, Glenmark is directed to supplement its answers to RFAs addressing the composition of its proposed product. If, as Glenmark argues, it has already admitted (in its pleading) the contents of its proposed product, then it should not be heard to complain that the RFAs prematurely seek to bind Glenmark to a claim construction -- particularly since the parties were directed to exchange their final claim construction positions by July 27, 2009. See Discovery Schedule, D.E. #30-1.

Furthermore, for several RFAs dealing with the content of Glenmark's proposed product, Glenmark objects to phrases being "undefined" but then directs Nycomed to portions of its ANDA using the same phrases. See RFA Answers 15, 41, 43-49. For example, RFA 41 states that "Glenmark's proposed product contains polyoxyl 20 cetostearyl ether and

sorbitan monostearate that are both surfactants." Glenmark objects to the phrase "that are both surfactants" as vague, ambiguous and indefinite. See RFA Answer 41. However, the portion of the ANDA to which Glenmark directs Nycomed in its response lists each of those ingredients as being a "surfactant/emulsifier." Id. The Court will not tolerate such double-talk. RFAs 15, 41, and 43-49 are deemed admitted.

**CONCLUSION**

For the foregoing reasons, Nycomed's motion to compel further responses to its RFAs is granted in part and denied in part. Glenmark's denials based on form are improper answers to Nycomed's RFAs and are stricken. RFAs 15, 41 and 43-49 are deemed admitted. By August 12, 2009, Glenmark shall supplement its answers with substantive responses to the remaining RFAs as to which the Court has overruled its objections.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**August 7, 2009**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**