UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NYCOMED US INC.,

                              Plaintiff,                    MEMORANDUM
                                                                    AND ORDER

    -against-                                                 08-CV-5023 (CBA)(RLM)

GLENMARK GENERICS LTD., et al.,

                              Defendants.
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        Included in the deluge of motions recently filed by the parties to this litigation is a request by plaintiff Nycomed for an order compelling defendant Glenmark to produce documents listed on Glenmark's privilege log; Nycomed broadly asserts that Glenmark has waived the protection of the attorney-client privilege and/or work product doctrine. See Motion to Compel Production of Documents and Communications (Sept. 11, 2009) ("9/11/09 Pl. Mot."), Docket Entry ("D.E.") #138. Glenmark opposes the motion, claiming that Nycomed has misstated the law and failed to identify any affirmative waiver of the privilege. See Reply in Opposition re Motion to Compel Production of Documents and Communications (Sept. 16, 2009) ("9/16/09 Def. Opp."), D.E. #141. This Court agrees with Glenmark and therefore denies the motion.

## DISCUSSION

        Nycomed alleges that Glenmark has placed its patent defenses in issue, first, by relying on an opinion of in-house counsel in formulating Glenmark's Paragraph (IV) notice letter ("Notice Letter"), and, second, by asserting a reliance-on-counsel defense via the deposition

testimony of its employees.  See 9/11/09 Pl. Mot. at 1-2.  Citing the Federal Circuit's decision in In re Echostar Communications Corp., 448 F.3d 1294 (Fed. Cir. 2006), Nycomed contends that Glenmark's selective disclosure of attorney-client communications entitles Nycomed to discover all of Glenmark's privileged documents relating to the subject matter of its defenses -- i.e., non-infringement, invalidity and unenforceability.  See 9/11/09 Pl. Mot. at 3.[1]  In essence, Nycomed relies upon two forms of waiver -- implicit waiver by placing at issue the advice of Glenmark's counsel; and subject-matter waiver by selective disclosures at depositions.  On the record presented, neither theory warrants displacing Glenmark's privilege claims.

## I.  Placing Advice of Counsel at Issue

Preliminarily, the Court addresses Nycomed's apparent misunderstanding as to the body of caselaw that controls these privilege issues.  As Nycomed correctly observes, see id. at 3, Federal Circuit law applies when "the issue before the court involves the *scope of a waiver* where advice of counsel has been raised by the defendant to an assertion of willful infringement."  CCC Info. Servs., Inc. v. Mitchell Int'l, Inc., No. 03-C-2695 (MV), 2006 WL 3486810, at *3 (N.D. Ill. Dec. 1, 2006) (emphasis in original) (citing Echostar, 448 F.3d at 1298).  However, regional circuit law governs when determining whether a waiver of privilege has occurred in the first instance.  See id. (citing Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1346 (Fed. Cir. 2005)).  The issue now before this Court is whether Glenmark impliedly waived the attorney-client (or work product) privilege; thus, while other caselaw is instructive,

---

[1] Nycomed claims that Glenmark's purported waiver extends to "most if not all of the documents on the log."  9/11/09 Pl. Mot. at 3.

-2-

Second Circuit law governs.

As per Second Circuit jurisprudence, the key to a judicial finding of an implied waiver "is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." In re the County of Erie, 546 F.3d 222, 228 (2d Cir. 2008) (emphasis in original). "A mere indication of a claim or defense . . . is insufficient to place legal advice at issue." Id. at 229.

**A. Glenmark's Notice Letter**

Nycomed begins its assault on Glenmark's privilege claims by citing Glenmark's Notice Letter, which, Nycomed asserts, is "actually an opinion written by in-house counsel, Sean Ryder . . ." 9/11/09 Pl. Mot. at 1. As an initial matter, this characterization is not entirely accurate. In response to targeted deposition inquiries, Dr. Vijay Soni of Glenmark's IP department explained that Sean Ryder had prepared the Notice Letter in consultation with him. See 9/11/09 Pl. Mot. Ex. B (Deposition of Vijay Soni ("Soni Dep.")) at 250:15-17, 251:5-23. Counsel's involvement in the preparation of an ANDA notice letter is unsurprising, inasmuch as the Hatch-Waxman Act expressly requires that the notice letter include a "detailed statement of the factual and <u>legal basis</u> of the opinion of the applicant that the patent is invalid or will not be infringed." 21 U.S.C. § 355(j)(2)(B)(iv)(II) (emphasis added). Therefore, if accepted, Nycomed's waiver argument would essentially nullify the privilege for most ANDA filers.

The same argument was rejected in Pfizer Inc., v. Ranbaxy Laboratories, Ltd., No. 03-209 (JJF), 2004 WL 1376586 (D. Del. June 18, 2004). Analogizing to "numerous [other] litigation circumstances" in which discussions between clients and counsel result in documents (such as pleadings) that become part of the public record, the Pfizer court held that basing a

"Paragraph IV notification letter on the opinions and advice of . . . attorneys is insufficient to constitute a waiver of the attorney/client privilege and/or work product immunity with respect to the underlying documents expressing that advice or opinion." Pfizer, 2004 WL 1376586, at *1 (denying motion to compel production of email letters from in-house counsel that contained review, analysis, and written opinions that were used to compose Paragraph IV notice letter). This Court agrees: Glenmark should not be penalized for utilizing in-house counsel in its efforts to comply with its statutory obligation to produce a proper ANDA notice letter. See Unigene Labs., Inc. v. Apotex, Inc., No. C 07-80216 (SJ), 2007 WL 2972931, at *3 (N.D. Cal. Oct. 10, 2007). Glenmark did not waive the privilege by filing a Notice Letter incorporating analysis from in-house counsel.[2]

### B. Glenmark's Defenses

Equally unavailing is Nycomed's suggestion that, having put in issue defenses of invalidity, unenforceability and non-infringement beyond those set forth in the Notice Letter, Glenmark may no longer withhold otherwise privileged information. See 9/11/09 Pl. Mot. at 1-2.[3] In contrast to the cases cited by Nycomed, see, e.g., Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 02 Civ. 2748 (DRH)((MLO), 2006 U.S. Dist. LEXIS 77077, at *9 (E.D.N.Y. Oct. 20, 2006) (citing Echostar, 448 F.3d 1294, 1303 (Fed. Cir. 2006)), Glenmark has not asserted an advice-of-counsel (or other state-of-mind) defense; to the contrary, it has

---

[2] In a separate section of this opinion, the Court addresses Nycomed's argument that Glenmark impliedly waived the privilege through deposition testimony of Glenmark's employees. See *infra* Point II.

[3] This is simply a recasting of an argument previously advanced by Nycomed and rejected by the Court. See Memorandum and Order (July 30, 2009), at 5-6, D.E. #112.

expressly disclaimed such a defense.  See 9/16/09 Def. Opp. at 3.  Nor is it inevitable that Glenmark will raise such a defense.  Even assuming, *arguendo*, that Nycomed is permitted to amend its complaint to assert willful infringement,[4] Glenmark may choose to defend against a claim of willful infringement on entirely separate (objective) grounds, without putting in issue its state of mind.  See, e.g., Cohesive Techs., Inc. v. Waters Corp., 543 F.3d 1351, 1374 (Fed. Cir. 2008); ResQNet.com Inc. v. Lansa, Inc., 533 F.Supp.2d 397, 420 (S.D.N.Y. 2008).  Nycomed's reliance on United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991), is thus misplaced, as the defendant in that criminal securities fraud case was prepared to testify to his alleged good faith.

## II. Waiver of the Privilege at Depositions

Nycomed additionally asserts that Glenmark impliedly waived the privilege, during the deposition testimony of formulators and representatives of Glenmark's IP department, by "disclosing defense strategies that were communicated by its counsel."  9/11/09 Pl. Mot. at 2.  It is not entirely clear whether Nycomed contends that Glenmark thereby put in issue the advice of counsel, or whether it effected a subject-matter waiver by partial disclosure.  See generally State of New Jersey v. Sprint Corp., 258 F.R.D. 421, 425-33 (D. Kan. July 2, 2009).  In either event, Nycomed is wrong.

In support of its bold assertion that Glenmark's reference to defense strategies developed in consultation with counsel "waived any attorney-client privilege (and work product immunity, if asserted) with regard to the subject matter of any and all defenses to the patent," Nycomed cites the district court's decision in Granite Partners, L.P. v. Bear Stearns & Co.

---

[4] Nycomed's request for leave to amend is the subject of yet another recently filed pending application.  See Plaintiff's Motion to Amend/Correct/Supplement Complaint, D.E. #143.

Inc., 184 F.R.D. 49 (S.D.N.Y. 1999). See 9/11/09 Pl. Mot. at 3. Suffice it to say, Granite Partners applied the standards enunciated in Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), see Granite Partners, 184 F.R.D. at 55, and the Second Circuit in County of Erie expressly rejected those standards as "cut[ting] too broadly" into assertions of privilege. County of Erie, 546 F.3d at 229. Nycomed's aggressive litigation tactics thus ignore controlling caselaw.

Nycomed's waiver argument also distorts the factual record in this case. The various portions of the deposition transcripts cited by Nycomed simply describe the process by which Glenmark's IP department first consulted with in-house and outside counsel and then made recommendations to Glenmark's formulators based on those discussions. See 9/11/09 Pl. Mot. Ex. F (Soni Dep.) at 139:1-22, 145:1-20, 161:9-15, (Deposition of Kusum Gole ("Gole Dep.")) at 239:10-21, 240:6-17, (Deposition of Nilendu Sen) at 27:20-25, 28:1-9, 32:12-19, 34:24-25, 35:1-9, 103:21-25. While the deposition testimony of Glenmark's IP department personnel disclosed that certain strategies to avoid patent infringement were developed by the IP department in consultation with counsel, here, as in County of Erie, that testimony did not reveal the "principal substance of the attorney-client communications . . . ."[5] See County of Erie, 546 F.3d at 230 (granting mandamus petition and vacating district court's finding of an

---

[5] In response to inquiries by plaintiff's counsel, Dr. Vijay Soni alluded to a few "strategies" to avoid infringing the patent, including the use of mineral oil and dimethicone, and adjustment of the concentration of cetostearyl alcohol. See 9/11/09 Pl. Mot. Ex. G (Soni Dep.) at 167:19-25. However, although Dr. Soni acknowledged that he consulted with counsel before communicating with individuals in Glenmark's Research and Development unit, he and the Glenmark attorney defending his deposition were careful to avoid disclosing the specifics of the attorney-client discussions. See, e.g., id. at 144:3-9, 145:5-20.

implied waiver of the privilege; deposition testimony by jail employee that he had consulted counsel regarding revised strip-search policy did not waive the privilege); see also Sprint Corp., 258 F.R.D. at 428 (witnesses' deposition testimony to the effect that they received legal advice on a particular issue did not reveal the substance of protected communications and thus did not waive the privilege).

In fact, like the attorney defending the depositions in County of Erie, counsel for Glenmark made repeated objections to questions that sought to elicit specifics of the advice conveyed to the IP department. See 9/11/09 Pl. Mot. Ex. F (Soni Dep.) at 138:19-22, 145:14-19, 146:2-8, 148:16-20, 151:20-25, 152:2-3, (Gole Dep.) at 239:12-19; id. Ex. G (Soni Dep.) at 163:12-18; 164:9-11, (Deposition of Vijay Nasare) at 51:10-14. In light of these objections, and absent disclosure of specific information from counsel, Glenmark cannot be deemed to have taken the affirmative steps necessary to interpose an advice-of-counsel or state-of-mind defense, or to have impliedly waived the attorney-client privilege with respect to the subject matter of its discussions with counsel. See County of Erie, 546 F.3d at 229, 230. Moreover, because the defenses actually asserted by Glenmark turn on objective analyses as to whether its product "has not infringed, does not infringe, or will not infringe" Nycomed's patent, and/or as to the validity of Nycomed's patent, see Defendant's Amended Answer to Plaintiff's Amended Complaint ¶¶ 77, 78, D.E. #108, upholding the privilege will not deny Nycomed access to vital information nor will it result in any unfairness. See County of Erie, 546 F.3d at 229 (citing John Doe Co. v. United States, 350 F.3d 299, 305 (2d Cir. 2003)).

## CONCLUSION

For the foregoing reasons, Nycomed's motion to compel production of documents from Glenmark's privilege log is denied in its entirety.

   **SO ORDERED**

**Dated:**  **Brooklyn, New York**
     **October 14, 2009**

           **ROANNE L. MANN**
           **UNITED STATES MAGISTRATE JUDGE**