**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**NYCOMED US INC.,**

                         Plaintiff,                   **MEMORANDUM AND ORDER**

                 -against-                          08-CV-5023 (CBA)

**GLENMARK GENERICS LTD., et al.,**

                       **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On September 21, 2009 -- just one business day after plaintiff Nycomed filed a scathing attack on defendant Glenmark's allegedly inadequate and belated document production[1] -- Glenmark moved for an order compelling Nycomed to produce deposition witnesses in response to Glenmark's notices under Rule 30(b)(6) of the Federal Rules of Civil Procedure. See Letter from Brian T. Moriarty, Counsel for Defendant, to the Court (Sept. 21, 2009) ("9/21/09 Def. Mot."), D.E. #146. For the reasons that follow, Glenmark's motion is denied.

## DISCUSSION

As a preliminary matter, the timing of Glenmark's application strongly suggests that it was filed primarily for tactical reasons, in an effort to influence the Court in connection with Nycomed's earlier filed discovery challenge. Significantly, the first of the two 30(b)(6) notices at issue here was served on June 23, 2009; conspicuously absent from Glenmark's motion is

---

[1] See Letter from Donald Rhoads, Counsel for Plaintiff, to the Court (Sept. 18, 2009), ECF Docket Entry ("D.E.") #145.

any reference to the fact that as early as July 9, 2009, Glenmark knew that Nycomed would not be producing a witness with respect to three of the thirteen topics included in that notice (i.e., Topics 5, 12 and 14). See Letter from Donald L. Rhoads, Counsel for Plaintiff, to the Court (Sept. 24, 2009) ("9/24/09 Pl. Opp.") Ex. 3 (Letter dated July 9, 2009, from Benu Mehra to Brian T. Moriarty), D.E. #153. Glenmark's two-and-one-half-month delay in seeking judicial intervention -- after the conclusion of fact discovery and the filing of Nycomed's challenge to Glenmark's discovery responses -- speaks volumes as to the merits of Glenmark's application. On this basis alone, the Court would be warranted in denying the motion.

In any event, even if Glenmark had acted with more alacrity, it would not be entitled to any relief. Topic 5 in Glenmark's First Notice seeks testimony concerning the testing of Glenmark's proposed product -- information that the Court has already ruled is protected work product. See Memorandum and Order (Aug. 4, 2009) at 4-5, D.E. #115. And all three challenged topics in the First Notice are thinly disguised efforts to have representatives of Nycomed elaborate on its legal theories of the case.[2] As this Court ruled in another case involving a similar discovery dispute: "That is an improper use of Rule 30(b)(6) depositions, which 'are designed to discover facts, not contentions or legal theories . . . .'" King Pharm.,

---

[2] Topic 5 seeks testimony concerning "Nycomed's decision to sue Glenmark"; Topic 12 seeks testimony as to "[t]he factual and legal bases for Nycomed's complaint against Glenmark and Nycomed's claim that Glenmark's ANDA infringes the '669 Patent"; Topic 14 demands testimony as to "[t]he factual and legal bases for all of Nycomed's claims and defenses in this action." 9/21/09 Def. Mot. Ex. A.

Inc. v. Eon Labs, Inc., No. 04-CV-5540 (DGT), 2008 WL 5111005, at *1 (E.D.N.Y. Dec. 4, 2008) (quoting JP Morgan Chase Bank v. Liberty Mut. Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002)). The parties to this litigation have already propounded and responded to contention interrogatories -- a more appropriate means of obtaining the information sought than the blunderbuss 30(b)(6) topics at issue here. See, e.g., CG Roxane LLC v. Fiji Water Co. LLC, No. C07-02258 RMW (HRL), 2008 WL 2276403, at *6 (N.D. Cal. May 30, 2008); In re Enron Creditors' Recovery, 2007 WL 2680427, at *3 (Bankr. S.D.N.Y. Sept. 6, 2007).

Glenmark's Second Notice is equally unsustainable. Slightly more than two weeks before the fact discovery deadline, Glenmark demanded that Nycomed produce 30(b)(6) witnesses to testify about Nycomed's document retention policies, its search for and collection of documents in response to Glenmark's discovery demands, and the bases for Nycomed's privilege claims. See 9/21/09 Def. Mot. at 1; id. Ex. E. Once again, Glenmark fails to explain why it waited until more than a month after fact discovery concluded before seeking judicial relief -- despite its assertion that the testimony sought is "crucial." 9/21/09 Def. Mot. at 1. The information demanded by Glenmark ordinarily is the subject of good-faith discussions between counsel, rather than the testimony of 30(b)(6) witnesses. Nycomed has represented to Glenmark and to the Court that after conducting thorough searches, it produced all responsive, non-privileged documents in its custody, possession or control, and that, to the extent Glenmark believes there may be additional, unproduced documents, such documents should have been sought from non-parties. See 9/24/09 Pl. Opp. at 2. "Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are

not in [its] possession, custody or control, should resolve the issue of failure of production . . . ." Zervos v. S.S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978); see Golden Trade S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992) ("In the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion."); accord Margel v. E.G.L. Gem Lab Ltd., No. 04 Civ. 1514(PAC)(HBP), 2008 WL 2224288, at *3 (S.D.N.Y. May 29, 2008) (collecting cases). Glenmark's factual and legal showings are insufficient to overcome this assertion. The Court declines to reopen discovery to allow Glenmark to conduct a fishing expedition, through 30(b)(6) witnesses, in the hopes of uncovering proof of some unproduced document.

## CONCLUSION

For the foregoing reasons, Glenmark's September 21st motion is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**October 21, 2009**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**