**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**NYCOMED US INC.,**

                        **Plaintiff,**                      **MEMORANDUM AND ORDER**

          -against-                                   **08-CV-5023 (CBA)**

**GLENMARK GENERICS LTD., et al.,**

                        **Defendants.**
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       At the court proceeding held on February 3, 2010, this Court directed Glenmark to file "evidence as to the completeness of its discovery production" and its search for electronically stored information ("ESI"). See Minute Order (docketed Feb. 4, 2010), at 1, ECF Docket Entry ("D.E.") #226. The Court made clear at the hearing that Glenmark was to make a "factual showing" on this issue, see Transcript of Conference (Feb. 3, 2010) ("2/3/10 Tr.") at 58, 59,[1] and that the Court did not want "a brief" or attorney's argument. See id. at 58. Indeed, the Court expressed its displeasure over defense counsel's repetitive arguments in this regard, see id. at 55, 57, and observed that it was not just Nycomed but also the Court that "has questions about the adequacy of [Glenmark's] search and the reason[s] for the non-production and late production." Id. at 55.

---

[1] Although the conference was a joint proceeding in this case and the related action of Nycomed v. Perrigo, 09-CV-5123, the transcript has been docketed only in the Perrigo action. That error is being corrected.

Despite the Court's order and comments -- and Glenmark's apparent understanding of the authorized parameters of its submission[2] -- last night Glenmark filed two documents addressing this issue: (1) a lengthy letter from defense counsel that, among other things, questions Nycomed's motives and rehashes the same argument previously dismissed by the Court, to wit, that Nycomed never made a motion directed to Glenmark's ESI search, see Letter to the Court from Brian Moriarty (Feb. 11, 2010), at 3, 1-2, D.E. #229; and (2) a Declaration of Vijay Soni ("Soni Decl.") that, in addition to providing factual information, also contains unnecessary and unauthorized argument. See, e.g., Soni Decl. ¶¶ 20, 21, 29, D.E. #230.

The Court's admonitions to the parties have for too long gone unheeded. Defense counsel's unauthorized February 11th letter is hereby stricken.[3]

The Soni Declaration states that Glenmark is prepared to produce the referenced Karwa/PRACS emails, "along with any other relevant, non-privileged emails found in Dr. Karwa's folder." Soni Decl. ¶ 27. Glenmark is directed to complete its production, on pain of sanctions, by 5:00 p.m. on February 16, 2010, and shall by that deadline serve a privilege log of any documents withheld on grounds of privilege.

---

[2] Glenmark sought additional time "to comply with the Court's request for *evidence* of the completeness of Glenmark's search for ESI." See Letter to the Court form Brian T. Moriarty (Feb. 9, 2010) (emphasis added), D.E. #227.

[3] Furthermore, defense counsel's February 11th letter attaches two exhibits that were both filed under seal. The Court has reviewed those exhibits and can discern no reason why either was filed under seal. The Court's Minute Entry of December 17, 2009, requiring the parties to justify the continued sealing of portions of court filings other than attached exhibits, see Minute Entry (docketed Dec. 18, 2009) at 2, D.E. #212, was not an invitation to the parties to arbitrarily seal exhibits accompanying future submissions to the Court.

By 5:00 p.m. on February 17, 2010, Nycomed shall file its response, if any, to the factual matters contained in the Soni Declaration.

**SO ORDERED.**

Dated:   Brooklyn, New York
         **February 12, 2010**

                                            **ROANNE L. MANN**
                                            **UNITED STATES MAGISTRATE JUDGE**