**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**NYCOMED US, INC., et al.,**

                         **Plaintiffs,**                **MEMORANDUM AND ORDER**

         -against-                                    08-CV-5023 (CBA)

**GLENMARK GENERICS, INC.,**

                         **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a letter dated February 16, 2010 ("2/16/10 Glenmark Letter"), defendant Glenmark moves for the appointment of a special master to handle claim construction proceedings "only to the extent such a process can be completed expeditiously." 2/16/10 Glenmark Letter at 1, ECF Docket Entry ("D.E.") #234; see id. at 3. For once, Nycomed has not responded to a request from Glenmark.

       As Glenmark correctly observes, the Court has the authority to appoint a special master even absent the consent of the parties. See 2/16/10 Glenmark Letter at 2 (citing Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566 (Fed. Cir. 1988); EEOC v. Aaron Rents, Inc., 2009 WL 4068008, at *6 (S.D. Ill. Nov. 24, 2009)). Furthermore, the Court may, as a temporary method of compensating the special master, provide for an equal allocation of costs between the parties, with the Court retaining the power to determine at the end of the case who should ultimately bear the cost of the fees of the special master. See, e.g., Teradyne, Inc. v. Teledyne Indus., Inc., 676 F.2d 865, 870-71 (1st Cir. 1982); see also Fed. R. Civ. 53(g)(3).

       On several occasions, the Court expressed its view to the parties as to the

appropriateness of appointing a special master to hear and report on the claim construction issues in this case. See 12/17/09 Transcript of Oral Argument at 78, D.E. #211; Transcript of 2/3/10 Conference at 58, 59, D.E. #233. This Court continues to believe that a special master with expertise in patent matters will substantially aid the Court in issuing *Markman* rulings and is likely to contribute toward a more efficient resolution of the case. The Court is thus prepared to appoint a special master (with input from the parties as to the person so selected), pursuant to an order directing the special master to proceed with all reasonable diligence, see Fed. R. Civ. P. 53(b)(2), and directing the parties, on an interim basis, to share equally the fees and expenses of the special master.[1]

Pursuant to Rule of 53(b)(1) of the Federal Rules of Civil Procedure, the Court hereby gives the parties notice of the Court's intent to appoint a special master and an opportunity to be heard. Specifically, any party objecting to such an order must state its reasons, in writing, by March 9, 2010, in letters not exceeding three pages.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 3, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court rejects Glenmark's "suggest[ion] that the Special Master be directed to prepare a report within six weeks, based on the claim construction briefs previously submitted . . . ." 2/16/10 Glenmark Letter at 1. The order contemplated by the Court would direct the special master to proceed with "all reasonable diligence," but would not establish a specific deadline. As for Glenmark's request that the Court vacate its Order striking the parties' *Markman* submissions, this is another variation on one aspect of Glenmark's pending Motion for Reconsideration re Order on Motion for Reconsideration, D.E. #214, which will not be decided until the issue of the adequacy of Glenmark's ESI has been resolved and any appropriate reopened discovery has been completed.