UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NYCOMED US INC.,

                        **Plaintiff,**

    -against-

GLENMARK GENERICS LTD., et al.,

                        **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**08-CV-5023 (CBA)(RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      The deluge of documents filed by the parties in response to this Court's order of February 3, 2010, concerning the adequacy of Glenmark's search for electronically stored information ("ESI"), see Minute Order (docketed Feb. 4, 2010), at 1, ECF Docket Entry ("D.E.") #226, has uncovered several admitted gaps in defendant's ESI search process. Without at this point addressing the parties' arguments regarding the adequacy of Glenmark's ESI search *in toto,* the Court concludes that some immediate remedial action is warranted, both to address the specific omissions and to shed further light on the scope of the problem.

      First, Glenmark admits that the laptop and mailbox of the patent agent who filed the U.S. utility application, Dr. Louisa Lao, was not searched during Glenmark's ESI searches in April and July 2009. See 3/11/10 Def. Letter at 1, D.E. #255; Second Supplemental Declaration of Vijay Soni ("Soni. Supp. II") ¶ 17 ("Because she was not . . . identified [as a custodian,] her mailbox was not searched and her laptop computer was not searched."), D.E. #257. Glenmark explains that Lao was not identified as a custodian "[b]ecause her involvement with Glenmark's fluticasone lotion ANDA product did not begin until February or

March 2009 and was limited to the U.S. utility application." 3/11/10 Def. Letter at 1; Soni Supp. II ¶¶ 15, 17. Whatever the merit of Glenmark's explanation,[1] Dr. Lao's involvement in such a crucial step in the patent application process warrants an immediate ESI search of her laptop and email account, using the previously agreed upon search terms.

Second, it appears that while Glenmark's centralized email server in Mumbai was searched, the unconsolidated email server for Glenmark's facility for manufacturing fluticasone lotion, located in Baddi, was not. See Declaration of Mahendra Sekharan ("Sekharan") ¶¶ 5, 8, D.E. #241; Supplemental Declaration of Mahendra Sekharan ("Sekharan Supp.") ¶¶ 5–7, D.E. #256. If, as Glenmark indicates, a decision was made to exclude the Goa *file* server from the ESI search because it was not the manufacturing facility,[2] then it logically follows that Glenmark should have included the Baddi *email* server because it was, in fact, the manufacturing facility. Thus, the Court directs Glenmark to conduct an immediate ESI search of the Baddi facility email server.

By April 15, 2010, Glenmark shall conduct and conclude its supplemental searches, produce to Nycomed any responsive ESI, and file a report on the results of its supplemental

---

[1] Nycomed contends that 30 entries on Glenmark's privilege log involving Dr. Lao indicate that she had involvement with Glenmark's fluticasone product ANDA as early as December 2008. See 3/15/10 Pl. Letter at 2, D.E. #260.

[2] For the time being, the Court is not ordering Glenmark to conduct an ESI search of the Goa server.

ESI searches, along with sworn statements from knowledgeable persons, attesting that the ESI searches were conducted in compliance with this Order.

**SO ORDERED**

**Dated:** **Brooklyn, New York**
**March 25, 2010**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**