UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
**NYCOMED US, INC.,**

       Plaintiff,      **MEMORANDUM AND ORDER**

  -against-          08-CV-5023 (CBA)

**GLENMARK GENERICS, INC., et al.,**

       Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  At a hearing held on December 17, 2010, this Court first suggested the appointment of a special master to handle the claim construction issues in this case, and the Court encouraged the parties to discuss such an appointment. See Hearing Tr. (Dec.17, 2010) at 78, ECF Docket Entry ("D.E.") #211. After the Court reiterated its proposal at a subsequent hearing, see Hearing Tr. (Feb. 3, 2010) at 32, D.E. #233, defendant Glenmark moved for an order appointing a special master to handle claim construction proceedings "only to the extent such a process can be completed expeditiously." Letter to the Court from Brian T. Moriarty (Feb. 16, 2010) ("2/16/10 Glenmark Letter") at 1, D.E. #234. In a Memorandum and Order dated March 3, 2010, this Court then gave the parties notice of the Court's intent to appoint a special master and an opportunity to be heard. See Memorandum and Order (March 3, 2010) ("3/3/10 M&O"). Specifically, "any party objecting to such an order" was given until March 9, 2010 to state its reasons for so objecting. Id. at 2.

  On March 3, 2010, Nycomed objected in writing to such an appointment. See Letter to the Court from Donald L. Rhoads (March 3, 2010) ("3/3/10 Nycomed Letter") at 1, D.E.

#247.  In its letter, Nycomed acknowledged that the Court has the authority to make such an appointment, even without the consent of the parties.  See id. at 1 n.1.  Nycomed nonetheless objected to such an appointment on the grounds that "there is no clear need for a special master," and that "any possible benefits of having a special master [] would not outweigh the additional costs, inefficiency and delay" resulting from the appointment.  See id. at 1.  Nycomed predicted that the parties would file objections to the special master's report, and cited the fact that the report would likely then have to be reviewed *de novo* by both the undersigned magistrate judge and the district judge assigned to this case, the Honorable Carol B. Amon.  See id. at 1-2.  Although the parties no doubt will file objections to a special master's report, this Court does not agree with Nycomed's conclusion.

Given the complexity, highly technical nature of the claims, and multiplicity of claim terms at issue, this Court believes that the benefits of a special master will greatly outweigh the burdens.  As noted in the advisory committee notes to the 2003 amendments to Rule 53(a)(1) of the Federal Rules of Civil Procedure, "[t]he court's responsibility to interpret patent claims as a matter of law . . . may be greatly assisted by appointing a master who has expert knowledge in the field in which the patent operates." Fed. R. Civ. P. Rule 53(a)(1) advisory committee's note (Pretrial and Post-Trial Masters) (2003).  With this in mind, the Court hereby exercises its discretion to appoint a special master for claim construction purposes.  See Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566 (Fed. Cir. 1988); EEOC v. Aaron Rents, Inc., 2009 WL 4068008, at *6 (S.D. Ill. Nov. 24, 2009).

Not only does the Court have authority to appoint a special master over a party's

objection, but the Court may, as a temporary method of compensating the special master, allocate costs between the parties. See Teradyne, Inc. v. Teledyne Indus., Inc., 676 F.2d 865, 870-71 (1st Cir. 1982); accord California v. Texas, 471 U.S. 1051(1985) (ordering that special master's fees and expenses be shared equally by the parties); Peter Pan Fabrics, Inc. v. Jobela Fabrics, Inc., 329 F.2d 194, 197 (2d Cir. 1964) (holding that, under the circumstances, "it was not error to split the Special Master's fee between plaintiff and defendant."); see also Fed. R. Civ. 53(g)(3). While retaining the power to determine, at the end of the case, who should ultimately bear the cost of the fees of the special master, the Court orders the parties, on an interim basis, to share equally the fees and expenses of the special master.

The parties are directed to confer in good faith and, by April 19, 2010, to file by ECF the names of three proposed special masters, consented to by both sides.

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 5, 2010

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**