**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
NYCOMED US INC.,

                        Plaintiff,

             -against-

GLENMARK GENERICS LTD., et al.,

                    Defendants.
-----------------------------------------------------------x

                         **MEMORANDUM**
                         **AND ORDER**

                         **08-CV-5023 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      At a hearing held on February 3, 2010, the parties revisited their seemingly endless dispute over the adequacy of Glenmark's document production.  In the hopes of finally concluding that debate, the Court ordered Glenmark to file evidentiary submissions concerning the completeness of its discovery production.  See Minute Order (entered Feb. 4, 2010) at 1, ECF Docket Entry ("D.E.") #226.  Among other things, the Court directed Glenmark to provide "an explanation for the non-production of the [PRACS] documents or[,] if they were produced, some indication[,] with bates numbers[,] of where in the production . . . they were produced and when."  Transcript of Civil Conference on February 3, 2010, at 57, D.E. #233.

      The Court's order of February 3rd has spawned a multitude of filings by the parties, but none has shed much light on the belated disclosure of certain PRACS documents.  As Nycomed noted in its letter of February 17, 2009, the missing PRACS documents included not only emails, but also *clinical study reports* in both hard copy and ESI form containing responsive search terms.  See Nycomed's Letter of February 17, 2009 at 1, D.E. #235.  Glenmark countered that it was "under no obligation to re-produce exact duplicates [of the PRACS clinical study reports] . . . it knew Nycomed already had."  See Glenmark's Letter of February 25, 2010 at 2, D.E. #242.

However, the record as a whole does not make clear the reason for Glenmark's failure to timely produce the clinical study reports *before* Nycomed received them (in July 2009) via non-party subpoena served on PRACS.  Prior to the conclusion of fact discovery, did Glenmark timely uncover the PRACS clinical study reports during its ESI and hard copy searches, yet fail to disclose them to Nycomed?  If so, on what basis were those documents withheld?  If, during the fact discovery period, Glenmark failed to uncover the PRACS clinical study reports -- despite the fact that they contain responsive ESI search terms -- what is the explanation for that omission?

Months after the parties aired their discovery disputes in open court, Glenmark still has not provided answers to those questions in the form of sworn statements from persons with personal knowledge.  Glenmark is directed to do so by May 3, 2010.  The Court will not tolerate partial answers or evasions.

**SO ORDERED.**

**Dated:**    **Brooklyn, New York**
                  **April 28, 2010**

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**