

# HAMILTON BROOK SMITH REYNOLDS
Intellectual Property Law

Hamilton, Brook, Smith & Reynolds, P.C.   | T 978.341.0036
530 Virginia Road P.O. Box 9133            | F 978.341.0136
Concord, MA 01742-9133                     | www.hbsr.com

Brian T. Moriarty
Brian.Moriarty@hbsr.com
978.341.0036 x3460

*[Handwritten annotation:]* Application denied without prejudice. Rather than file yet another motion, defense counsel should have conferred with plaintiff's counsel and proposed a stipulation deferring this issue until after Judge Amon rules on plaintiff's objections to this Court's Report and Recommendation of March 26, 2010.

**SO ORDERED:**
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 4/29/10

April 29, 2010

VIA ECF

The Honorable Roanne L. Mann
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Nycomed US Inc. v. Glenmark Generics LTD., et al.*
     Civil Action No. 2:08-cv-05023-CBA-RLM

Dear Judge Mann:

Defendant Glenmark moves to strike portions of Nycomed's Reply to Defendants' Second Amended Counterclaims (Nycomed's "Reply") (DI 289).  In response to Glenmark's answer, affirmative defenses and counterclaims (Glenmark's "answer and counterclaims") (DI 280) and contrary to the Court's Report and Recommendation (DI 263), Nycomed is attempting to improperly plead the allegations that Nycomed was not permitted to add to its amended complaint.

In the March 26, 2010 Report and Recommendation (DI 263), Your Honor recommended that Nycomed's motion to amend the complaint be denied because, *inter alia*, "Nycomed has improperly used its motion to amend as a vehicle by which it seeks to air its various grievances against Glenmark, despite their lack of connection to any valid cause of action." DI 263, at 17. Your Honor also found that "the problems with each of the three proposed new claims should have been apparent to Nycomed … [b]ecause the three claims could not survive a motion to dismiss, and the supporting factual allegations would be stricken as immaterial under Rule 12(f), Nycomed's motion to amend the complaint should be denied as futile…" DI 263, at 18 (emphasis added).

Despite the fact that Nycomed's objections to the Report and Recommendation are still pending before Judge Amon, Nycomed has fashioned its own relief and disregarded this Court's clear denial of its motion to amend by attempting to re-plead the same baseless allegations in its Reply.  For example, the section entitled "Defenses and Other Allegations Relating to the Counterclaims," is almost 30 pages long and contains the allegations of "bad faith and unclean hands" and "exceptional case" that the Court did not allow Nycomed to add to the complaint.

The Honorable Roanne L. Mann
April 29, 2010
Page 2

Nycomed also improperly seeks to expand the scope of the pleadings by adding in a new allegation for "willful infringement." (*See* DI 289, ¶¶ 115-123). The Court has already ruled that Nycomed has not properly pled willful infringement and that even if Nycomed had pled willful infringement, such a claim is "legally defective." *See* DI 263, at 9-11. Nycomed never sought the Court's approval to add this allegation to the pleadings and should not be permitted to disregard the law of the case and the Federal Rules to add this baseless allegation in its reply to Glenmark's answer and counterclaims.

Nycomed's Reply also contains allegations regarding Glenmark's Notice Letter that appear to be exact copies of allegations contained in Nycomed's complaint. (*Compare* DI 266 ,¶¶ 1-39 (Nycomed's amended complaint) and DI 289, ¶¶ 30-68 of Nycomed's "Defenses and Other Allegations Relating to the Counterclaims"). There is no reason for Nycomed to reassert these identical allegations when it has already included them in its complaint.

Fed. R. Civ. P. 8(b)(1) provides that "[i]n responding to a pleading, a party must: state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Saluhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Nycomed's Reply violates Rule 8 because it is not at all clear what Nycomed is asserting, especially considering the fact that Nycomed's attempts to amend the complaint have been rejected.

No part of Nycomed's Reply is designated a counterclaim, thus Nycomed's requested relief, including "judgment against Glenmark dismissing, striking and denying its Counterclaims with prejudice" and "a judgment for Nycomed that Glenmark is estopped and otherwise precluded from asserting its defenses and Counterclaims and from obtaining any equitable relief in this action" is not permissible. (*See* paragraphs 1-6 of Nycomed's Relief Requested. Fed. R. Civ. P. 7(a) lists the only allowable pleadings. Nycomed's "Defenses and Other Allegations Relating to the Counterclaims" do not comply with this Rule, nor does Nycomed's request for relief.

Fed. R. Civ. P. 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court has already recommended that Nycomed not be permitted to amend its complaint to include these allegations and that "Nycomed's proposed pleading is 'littered with unnecessary…language in the nature of trash-talking.'" DI 263, at 17 (citation omitted). Thus, Nycomed should not be permitted to sneak these allegations in via its reply to Glenmark's answer and counterclaim.

Thus, the sections of Nycomed's Reply entitled "Defenses and Other Allegations Relating to the Counterclaims" (Paragraphs 1-133) and paragraphs 1-6 of "Nycomed's Relief Requested" should be stricken because the Court has already decided that these allegations are without merit, they are not permissible under Rules 7 or 8 of the Federal Rules, and because they include insufficient defenses and immaterial allegations.

The Honorable Roanne L. Mann
April 29, 2010
Page 3


Very truly yours,

/s/ Brian T. Moriarty

Brian T. Moriarty

cc:     Donald L. Rhoads, Esq. (*via ECF*)
        Bradley D. Simon, Esq. (*via ECF*)

978486_1