UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**NYCOMED US INC.,**

                    **Plaintiff,**               **MEMORANDUM AND ORDER**

          -against-                     08-CV-5023 (CBA)

**GLENMARK GENERICS LTD., et al.,**

                    **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On January 4, 2010, the Glenmark defendants (hereinafter "Glenmark") moved for reconsideration of this Court's Order of December 18, 2010, specifically, a series of rulings from the bench in response to Nycomed's motion for reconsideration of an earlier decision of the Court. See Defendant's Motion for Reconsideration of the December 18, 2009 Order (Jan. 4, 2010), D.E. #214-1; see also Minute Order (Dec. 18, 2009), D.E. #212. Glenmark objects to three rulings, on the following grounds: First, Glenmark complains that the consolidation of the *Markman* hearing in this case with the *Markman* hearing in the related *Perrigo* action[1] will result in undue delay, as the *Perrigo* case commenced about a year after the filing of the instant lawsuit. Second, Glenmark objects to the Court's order striking the parties' *Markman* submissions, with new submissions to be filed at the conclusion of limited discovery concerning the documents that were not timely produced by Glenmark. Glenmark complains that redrafting the *Markman* briefs will delay the case, increase the costs of the action, and add nothing of substance. Finally, Glenmark objects to the Court's ruling allowing Nycomed the limited additional discovery

---

[1] Nycomed U.S. Inc. v. Perrigo Israel Pharms., Ltd., 09-CV-5123 (CBA).

referenced above.

Glenmark's motion for reconsideration is denied in its entirety. Even assuming *arguendo* that Glenmark had properly identified any issues of fact or law overlooked by the Court, the challenged rulings were in no way erroneous and will not be altered.

First, as a result of an expedited discovery schedule, and disclosure to Perrigo of most of the discovery generated in the instant action, the parties in the *Perrigo* case have essentially completed *Markman*-related discovery.[2] Therefore, consolidation of the two hearings will not delay this case.[3]

Second, as the Court has repeatedly made clear to Glenmark, to the extent that it believes that it has nothing of substance to add to its prior *Markman* submissions, it retains the right to refile the same documents. Nycomed, on the other hand, did not have a full and fair opportunity to address in its earlier submissions the documents that were belatedly produced by Glenmark on the eve of the previous deadlines for the *Markman* submissions. As a result, the *Markman* submissions were followed by a series of filings by Nycomed addressing the relevance of the newly disclosed evidence to the claim construction issues. Furthermore, in the intervening months, additional discovery has taken place -- including a further document production and at least two depositions. All of the evidence and issues should be presented to the Special Master in a single set of submissions and rebuttal submissions, rather than in piecemeal fashion.

---

[2] All that remains outstanding is Perrigo's responses to contention interrogatories (assuming that Nycomed opted to serve contention interrogatories).

[3] Moreover, in order to expedite the process, the Court has appointed a Special Master to preside at the consolidated hearing and to issue a Report and Recommendation on claim construction.

Finally, Glenmark's objection to the Court's limited reopening of discovery has been rendered moot, as discovery is now complete.[4]

## CONCLUSION

For the foregoing reasons, Glenmark's January 4th Motion for Reconsideration is denied in its entirety.

SO ORDERED.

Dated:   Brooklyn, New York
         June 11, 2010

                                        ROANNE L. MANN
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] This Court denied Nycomed's request to take a Rule 30(b)(6) deposition of a representative of Glenmark (and of Perrigo) on claim construction. See Transcript of Hearing (May 20, 2010), at 97–98, D.E. #318; Minute Order (May 21, 2010), D.E. #316. Nycomed has filed an objection to that ruling with the District Court. See Appeal of Magistrate Judge Decision (June 3, 2010), D.E. #338. This Court will not stay the case while the objection is pending.